IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HC SERVICES, INC., GEORGE BRIDGES,
AND SUE BRIDGES                                                                          PLAINTIFFS

VERSUS                                                    CIVIL ACTON NO. 2:06cv160KS-MTP

HILLER INVESTMENTS, INC.,ROBERT COPELAND,
C. FREDERICK ROBINSON,L. DUNCAN GREENWOOD,
DANIEL H. ROMANCHUK, KONRAD STOUDENMIRE,
HILLER SYSTEMS, INC., RICHARD A. EZELL,
LARRY PIPKINS, CHRIS DEARMAN, WADE BARHAM,
PAUL GUY, TWIN STATES FIRE PROTECTION, INC.,
INTERNATIONAL FIRE AND SAFETY, INC., AND
JOHN DOES 1-10                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Remand **[#8]** filed on behalf of the plaintiffs, and related motions, including a Motion to Stay **[#29]** filed by the defendants. The court, having reviewed the motions, the responses, the supplements to the motions and responses, the pleadings and exhibits on file, the briefs of counsel, the authorities cited, and having conducted oral argument in the matter and being otherwise fully advised in the premises, finds that motion to remand should be granted, that the motion for attorney fees and costs be denied, and the motion to stay be denied.  The court specifically finds as follows:

## **FACTUAL BACKGROUND**

This civil action was commenced by the filing of a state court complaint on May 19, 2006, in the Circuit Court for the Second Judicial District of Jones County, Mississippi.  The plaintiffs, stated residents of Jones County, Mississippi, assert claims arising out of alleged fraudulent business dealings allegedly perpetrated by the defendants upon the plaintiffs. The complaint filed in state court seeks relief under the following theories:

      a. Accounting
      b. Fraud, Deceit and Misrepresentation
      c. Civil Conspiracy
      d. Negligence
      e. Breach of Contract
      f. Conversion
      g. Unjust Enrichment
      h. Violation of Mississippi Antitrust Statute
      i. Violation of Mississippi Uniform Trade Secrets Statute
      j. Breach of Covenant of Good Faith and Fair Dealing
      k. Unfair Competition
      l. Constructive Trust/Equitable Fraud
      m. Intentional Infliction of Emotional Distress
      n. Tortious Interference with Contract
      o. Tortious Interference with Prospective Advantage and Business Relationships
      p. Breach of Fiduciary Duties
      q. Civil Aiding and Abetting
      r. Abuse of Process
      s. Promissory Estoppel
      t. Violation of Mississippi RICO
      u. Negligent Misrepresentation

The defendants timely removed the action under the auspices of Title 28 U.S.C. § 1441(b) asserting jurisdiction pursuant to 28 U.S.C. § 1331, federal question.  They contend that at least some of the plaintiffs' claims rest on "alleged violations of federal statutes and regulations."  The plaintiffs argue that while their complaint does mention certain federal agencies, they have specifically disavowed any federal claims and are

pursuing only state law claims.  Indeed, the state court complaint provides

> HCS and the Bridges bring this action solely under the common law and statutes of the State of Mississippi. In this action, HCS and the Bridges are not asserting herein any claims arising under federal law and hereby specifically and expressly deny and disclaim asserting any such federal claims in this Complaint.

Complaint, Paragraph 71.

### **STANDARD OF REVIEW - REMAND**

The removal statutes are to be strictly construed against removal. *See Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); and *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979). The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Generally, where there are close questions whether to remand an action, the court will resolve the issue in favor of remand.  *OPNAD Fund, Inc. v. Watson*, 863 F. Supp. 328, 330(S.D. Miss. 1994)(*citing Laughlin v. Prudential Insurance Company*, 882 F. 2d 187, 190 (5th Cir. 1989)).

Through decades of Supreme Court jurisprudence, it is axiomatic that federal courts are courts of limited jurisdiction.  "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 216 (5th Cir. 1998) (*en*

*banc*). However, even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted). Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

The allegations of the complaint must be construed most favorably to the plaintiffs as the parties opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiffs. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). *See also*, *Bobby Jones Garden Apts.*, 391 F.2d at 177; and *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

## **FEDERAL QUESTION JURISDICTION**

The defendants assert jurisdiction on the basis that this case presents a federal question which is to be properly resolved by the federal courts. Specifically, they contend that the plaintiffs' complaint presents a real and substantial controversy involving the effect and construction of federal law, to-wit, a General Services Administration and/or a United States Small Business Administration "HUBZone" contract for the provision of fire extinguishment equipment and related services. They also contend that the plaintiffs' state RICO claims are not viable except as federal RiCO

claims.

The plaintiffs counter that they only mention the two federal agencies in their complaint because some of the fraudulent actions alleged on the part of the defendants involved dealings surrounding the government contracts. They argue that the fact that government contracts are involved does not mean that federal law governs. The plaintiffs assert that they are not seeking recovery under any federal statute or regulation governing either of these agencies nor under the federal RICO statutes. While not directly accusing the plaintiffs' of "artful pleading," the defendants do argue that the complaint is "well-pleaded" and the net effect invokes the well-pleaded complaint rule, which will be discussed infra.

**Plaintiffs' Choice of Forum**

It has long been accepted that the plaintiffs are generally the masters of their own complaint. *See Healy v. Sea Gulf Specialty Co.*, 237 U.S. 479, 480, 35 S. Ct. 658, 659, 59 L. Ed. 1056 (1915), and *The Fair v. Kohler Dye and Specialty Co.*, 228 U.S. 22, 23, 33 S. Ct. 410, 411, 57 L. Ed. 716 (1913). It is well settled that "a plaintiff with a choice between federal and state law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at *366(citing Merrill Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 3233, n. 6, 92 L. Ed. 2d 650 (1986)).

In order for the court to properly entertain removal jurisdiction pursuant to 28

U.S.C. § 1441(b), under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.  A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint.  *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).  "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 , 366 (5th Cir. 1995)(*quoting Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

**The "Well-Pleaded Complaint" Rule**

Under the well pleaded complaint rule, federal jurisdiction is found to exist only where a federal claim is presented on the face of the plaintiffs' properly pleaded complaint.  *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).  The defendants argue that a careful reading of the complaint leads to the inevitable conclusion that the plaintiffs, while attempting to disavow claims arising under federal law, make numerous claims relating to the SBA and GSA contracts which will require the application and interpretation of federal law.  The defendants also attempt to recast the plaintiffs' state RICO claims as federal RICO claims.

**Complete Preemption - Express or Assumed - and the "Artful Pleading" Doctrine**

As state above, the defendants do not specifically employ the artful pleading doctrine as a basis for removal even though they invoke some of the terminology used in analyzing it.  The defendants rightly do not put their removal eggs in this basket because this doctrine is a *narrow* exception to the well pleaded complaint rule, and applies only when one has inappropriately characterized his federal claim as a state claim.  This "artful pleading" exception is applicable, however, only in the case of complete preemption.  *See Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d at 367.

Complete preemption applies in areas where Congress has chosen to completely extinguish the existing state common law concerning a subject matter area.  Under Supreme Court precedent, "a state claim may be removed to federal court in only two circumstances - when Congress expressly so provides, such as in the Price-Anderson Act, . . .  or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003).  These can be characterized as "express" preemption and "assumed" preemption, both complete in nature.  There is a third kind of preemption, conflict preemption, which is a defense and does not support removal jurisdiction.  *See Perry v. Mercedes Benz of N. Am. Inc.*, 957 F.2d 1257 (5th Cir. 1992).

The defendants claim neither express nor assumed complete preemption in this case.  They instead contend that "the plaintiff[s'] right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-

28.  That "substantial question of federal law," according to the defendants, is what they characterize as the gravamen of the plaintiffs' complaint being a "breach of duty under a federal procurement contract," and that the plaintiffs' claims "turn on federal laws and regulations pertaining to the procurement of federal contracts with the General Services Administration (GSA) and small business set aside laws implementing regulations promulgated by the GSA and Small Business Administrations (SBA)."  Once again, they also attempt to recast the plaintiffs state RICO claims as federal in nature.  Thus, the defendants argue that either the plaintiffs' claims are "created by" federal law or at least "arise under" federal law.

**Claims "Created By" or "Arising under" Federal Law**

In order to advance the "created by" federal law argument, the defendants must show that the plaintiffs' complaint states claims regarding rights and duties stemming from the SBA and GSA contracts which Congress intended to be federal in nature. The court cannot agree with this argument.

This court starts from the proposition recognized by the Supreme Court that "uniform federal law need not be applied to all questions in federal government litigation, even in cases involving government contracts." *Empire Healthchoice Assurance, Inc. v. McVeigh*, ___ U.S. ___, 126 S.Ct. 2121, 2131, 165 L.Ed.2d 131 (2006)(*quoting* R. Fallon, D. Mltzer, & D. Shapiro, Hart & Wechsler's The Federal Courts and the Federal System 700 (5th ed. 2003)).  This court recognizes that It is well settled that "private parties in appropriate cases may sue in federal court to enforce

contractual rights created by federal statutes." *Jackson Transit Authority v. Transit Union*, 457 U.S. 15, 22, 122 S.Ct. 2202, 72 L.Ed.2d 639 (1982).

Consequently, if a plaintiff brings suit to enforce contractual rights created by federal statutes in state court, the case is removable. The problem here is that there are no claims asserted by the plaintiffs in the state court complaint which seek to vindicate federal contractual rights. Such claims are specifically waived and the defendants may not re-write the complaint so as to make it removable. Indeed, violations of federal statutes are generally treated as negligence per se in state court actions but it would undermine congressional intent to conclude that federal courts could exercise jurisdiction merely because such violations could be characterized as proximate cause under state law. *See Grable and Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 316-19, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). None of the claims asserted in the plaintiffs' state court complaint were "created by" federal law, regardless of the defendants attempts to recast them otherwise.

The defendants next contend that the plaintiffs' claims regarding the SBA and GSA contracts "arise under" federal law and in that vein, they and the plaintiffs put much stock in *Grable*, albeit for different reasons. In *Empire*, the Supreme Court clarified its earlier holding in *Grable*. *Grable* dealt with a claim that was said to "arise under" federal law as opposed to one created thereby. The defendants contend that under this lesser standard recognized by the *Grable* court, the plaintiffs' claims likewise arise under federal law. However, *Empire* recognized that the *Grable* holding was very narrow and dealt with a situation where the only contested issue in the case was the

interpretation of a federal tax statute and presented a "pure issue of law." 126 S.Ct. at 2137. And even *Grable* emphasized that there must be more than merely a federal element present in order "to open the 'arising under' door" to the federal court. 545 U.S. at 313.

Here, the defendants have shown no more than that there is merely a federal element present. Clearly, the claims asserted by the plaintiffs do not arise under any federal law. They have specifically disavowed seeking any redress pursuant to any federal law or regulation, which is their right. Their claims are strictly state common and statutory law and involve no right created by or arising under federal law.

**State RICO Claims as Federal RICO Claims**

As a final matter on the issue of federal question jurisdiction, the defendants attempt to recast the plaintiffs' claim of state RICO violations as essentially federal in nature. The plaintiffs concede that their state RICO claims are likely subject to dismissal because of standing requirements to bring such a suit. They also admit that there are certain elements of their state RICO claims which would constitute viable federal RICO causes of action. However, they have specifically disavowed seeking any such federal relief, as they are entitled to do. Regardless, federal RICO claims may not independently form the basis of federal jurisdiction anyway. Indeed, state courts have concurrent jurisdiction over federal RICO claims. *See Tafflin v. Levitt*, 493 U.S. 455 (1990).

**Final Issues**

The plaintiffs have attacked the procedural removal of this case asserting that the defendants did not strictly comply with the removal statute by not including all exhibits in the state court with the removal petition. The defendants have filed a supplemental removal petition in response. The court, concludes, based on the foregoing, that this is much ado about nothing. The parties stressed at oral argument that this was a complex case regarding federal jurisdiction. That is not the case. It is much more convoluted than complex, with the convolution obviously contributed to by the over-litigiousness of the parties as evidenced by the volume of paperwork filed in this case and the incessant requests to offer additional supplementation.

The defendants have also moved to hold this motion in abeyance pending a ruling on a motion to dismiss in a related case, 2:06cv63. The court finds that this is not warranted and will deny that motion. The court also finds that the imposition of fees and costs for this removal are not warranted and shall be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#8]** is Granted and the clerk of this court is directed to return this case to the Circuit Court for the Second Judicial District of Jones County, Mississippi, from whence it came.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiffs' motion for attorney fees and costs is Denied and the defendants' Motion to Stay **[#29]** is Denied and that all other pending motions are denied as moot.

A separate judgment shall be entered herein in accordance with Rule 58,

Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 30th day of March, 2007.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE